UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| FRANK G. SPISAK JR., | ) | Case No.: 1:95 CV 2675 |
| | ) | |
| Petitioner | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| v. | ) | |
| | ) | |
| TERRY TIBBALS, WARDEN,[1] | ) | |
| | ) | |
| Respondent | ) | <u>ORDER</u> |

Currently pending before the court is Petitioner's Motion to Order Ohio Department of Corrections ("ODRC") to Record Client's 1/4/2011 Clemency Interview to Support Necessary Expert Testimony at Clemency Hearing Relevant to Client's Current Mental Functioning and Severe Illness. (ECF Nos. 179, 180).[2] For the reasons that follow, the court denies Petitioner's Motion.

In anticipation of an upcoming clemency interview, Petitioner's counsel sent a letter on December 17, 2010, to the Ohio Adult Parole Authority Board ("Parole Board"), requesting permission to record Petitioner's interview, given the nature of the clemency presentation they intended to make. (Mot. at 4.) Petitioner was diagnosed by a psychologist assigned to Death Row, with bi-polar I disorder, and is currently receiving 900mg of lithium every day. (*Id*.) Lithium is able

---

[1] The name of the Respondent, the Warden of the Mansfield Correctional Institution, has been changed to Terry Tibbals because he replaced Carl Anderson.

[2] Petitioner filed the same motion twice, with ECF No. 180 being the corrected filing of ECF No. 179.

to mitigate the impact of the disorder on Petitioner, but does not eliminate it. (*Id.*) As a result, the stress of the interview, the clemency process, and the execution process are likely to cause Petitioner to decompensate, which will result in his giving answers to the Parole Board which will not reflect his true feelings. (*Id.*) This decompensation occurred during his testimony at trial and prior to trial. (*Id.*) Petitioner maintains that in order to effectively make his case to the Governor, and to ensure he is not misled by Petitioner's decompensation, the Governor must be able to observe Petitioner's demeanor and to hear his answers. (*Id.*) Petitioner asserts that otherwise, the Governor, like the jury, judge, prosecutors, and previous defense counsel, will be mislead. (*Id.*) Further, Petitioner's counsel requested the recording of Petitioner's interview with the Parole Board, so it might be used by a psychiatrist who will be testifying at the clemency hearing. On December 27, 2010, counsel received a letter denying this request. On December 29, 2010, the instant Motion was filed.

18 U.S.C. § 3599, titled "Counsel for financially unable defendants," provides counsel for two classes of indigents, federal capital defendants, and state and federal postconviction litigants. In *Harbison v. Bell*, 129 S.Ct 1481 (2009), the Court held that § 3599 authorizes federally-appointed counsel to represent prisoners in subsequent state clemency proceedings. The court finds the fact that *Harbison* gives Petitioner the right to federally-funded counsel in state clemency proceedings, does not imply that this court has authority to intervene in the clemency process itself. (*Id.*) No such authority is granted under the statute providing for habeas relief pursuant to 28 U.S.C. §2254. Once the habeas proceedings have been concluded, as they have been in this case, the court's substantive authority is at an end, insofar as it relates to habeas relief thereunder. *See Baze v. Parker*, 711 F.Supp.2d 774 (E.D.Ky. 2010) (finding that statute granting prisoner a right to federally funded counsel in clemency proceeding did not give the court authority to grant the motion giving

petitioner's counsel access to interview prison personnel to obtain information that might be used in an upcoming clemency petition); *Nields v. Bradshaw*, No. 1-03-cv-019, 2010 WL 148076, at *1 (S.D.Ohio Jan. 11, 2010) (granting a motion under 18 U.S.C. § 3599(e) and the All Writs Act, to convey the petitioner from the prison to a hospital for neurological testing to be used in furtherance of a clemency petition, but finding the court's jurisdiction under 28 U.S.C. § 2254 had ended).

The court also finds that Petitioner's second argument is without merit–that this court has jurisdiction under the All Writs Act. While the magistrate judge made a preliminary determination in *Nields*, he did not give a complete explanation why it might be applicable, and acknowledged that "whether this Court has jurisdiction to enter the Order to Convey is a close question of first impression." *See Nields v. Bradshaw*, No. C-1-03-019, 2010 WL 290963, at *1 (S.D.Ohio Jan. 15, 2010) (staying its prior decision to grant a motion to convey, pending the respondent's appeal to the district court, during which the court's jurisdiction could be decided).[3] The court finds that *Baze* is more persuasive on this issue, as such a writ should not be often sought, and should be granted "only in the most critical and exigent circumstances". *Baze*, 711 F. Supp.2d at 779 (internal citations omitted). The All Writs Act provides for the granting of relief "in aid of [its] respective jurisdiction...". *Id*. Since the court has no further jurisdiction under § 2254, the issuance of a writ under these circumstances would not aid in the court's jurisdiction under that section. Furthermore, 18 U.S.C. § 3599 cannot be read as an independent basis of jurisdiction, since it merely sets forth the conditions and circumstances under which the court may appoint counsel to represent petitioner. For these reasons, the court hereby denies said Motion.

---

[3] The district court never actually reached the jurisdictional issue in the case because the order became moot as a result of the warden's transfer of the petitioner to a medical facility for testing. *See Baze*, 711 F.Supp.2d at 781.

IT IS SO ORDERED.

/s/ *SOLOMON OLIVER, JR.*
CHIEF JUDGE
UNITED STATES DISTRICT COURT

January 3, 2011